

**Avery S. Mehlman**
Partner
Phone: 212.592.5985
Fax: 212.545.3424
amehlman@herrick.com

August 18, 2021

<u>Via ECF</u>



Judge Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

     Re:    *Moshe Chaim Panzer v. Joel Epstein*, Docket No. 1:21-cv-06886

Dear Judge Failla:

     This firm represents Petitioner Moshe Chaim Panzer in the above-captioned special proceeding commenced under New York Civil Practice Law and Rules ("CPLR") Article 75. Please accept this letter motion pursuant to 28 U.S.C. 1447(c) to remand this action to the Supreme Court of the State of New York, County of New York, and for an award of attorneys' fees.

     This Court lacks subject matter jurisdiction over this case. By way of brief background, Petitioner and Respondent—both New York residents—are co-owners of Fabuwood Cabinetry, Corp. (the "Company"), a corporation existing under the laws of the State of New York with a principal place of business in Newark, New Jersey. Respondent recently commenced a premature and improper American Arbitration Association proceeding purportedly pursuant to the terms of the parties' shareholders agreement. Through the arbitration, Respondent seeks a forced buyout of Petitioner's shares in the Company. In response, on Friday, August 13, 2021, Petitioner brought a special proceeding in New York State Supreme Court under CPLR Article 75 to permanently stay the arbitration for Respondent's failure to satisfy numerous contractual conditions precedent to arbitration. *Pearls St. Dev. V. Conduit and Found. Corp.*, 41 N.Y.2d 167, 170 (1976) (Holding that "the issue of compliance with express conditions precedent to arbitration is a question at least initially for the court, not the arbitrator."). In connection with the proceeding, Petitioner moved by order to show cause for a temporary restraining order to stay the arbitration and to enjoin Respondent from committing the company to further indebtedness during the pendency of the proceeding.

     Then, on the following Monday—August 16, 2021—while the order to show cause was still under review by the court, Respondent removed the proceeding to federal court on the basis that there is federal jurisdiction over this proceeding under 9 U.S.C. § 202, or the Convention on the Recognition and Enforcement of Foreign Arbitrable Awards, otherwise known as the New York Convention (the "Convention").



Page 2

Removal pursuant to Convention was abjectly improper, as this dispute is no way implicates a foreign arbitration or a foreign arbitrable award.  According to the Second Circuit, "[t]he goal of the Convention is to promote the enforcement of arbitral agreements in contracts ***involving international commerce*** so as ***to facilitate international business transactions*** and to unify the standards by which agreements to arbitrate are observed." *Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 92 (2d Cir.1999) (emphasis supplied).  To this end, the Second Circuit uses a four-part test to determine if an arbitration agreement falls under the Convention: (1) there must be a written agreement; (2) it must provide for arbitration in the territory of a signatory of the convention; (3) the subject matter must be commercial; and (4) it cannot be entirely domestic in scope."  *Id.*  "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994).

Here, the arbitration in question is *entirely* domestic in scope.  The underlying dispute is between two New York residents over ownership interest in a New York corporation.  Likewise, the proceeding commenced in state court was to stay an improper domestic AAA arbitration purportedly commenced under the terms of the parties' shareholders agreement, annexed hereto as **Exhibit A**. Paragraphs 4 and 5 of Respondent's Arbitration Demand in the AAA proceeding even acknowledges that both parties are residents of New York, with Respondent residing in Monroe, NY and Petitioner residing in Brooklyn, NY.  (ECF No. 4-1 at pdf page 92 and 93).  Furthermore, the operative contract containing the arbitration provision acknowledges that the Company is a New York corporation.  (*Id.* at pdf page 21).  Thus, contrary to the averments in Respondent's Notice of Removal, this agreement *is entirely between citizens of the United States* and the subject property interest—i.e., the shares of the Company—*is entirely located in the United States* and envisages no performance or enforcement abroad*.  See, e.g., Coastal States Trading, Inc. v. Zenith Nav. S. A.*, 446 F. Supp. 330, 341 (S.D.N.Y. 1977) (Holding that the Convention has no bearing on agreements between citizens of the United States.).   Because there is no federal jurisdiction here, this case should be quickly remanded to state court.

Additionally, this Court should award Petitioner's attorneys' fees and costs, which they incurred in seeking to remand this matter, because Respondent had no remotely reasonable basis for removal.  Under 28 U.S.C. § 1447(c), this Court may award costs and actual expenses, including attorney's fees, incurred by the non-removing party as a result of an improper removal. *See Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 331 (S.D.N.Y. 2007) (awarding costs and attorney's fees incurred by plaintiff in opposing defendant's improper removal); *Lynch v. Waldron*, No. 05 CIV. 2274 (GEL), 2005 WL 1162453, at *2 (S.D.N.Y. May 17, 2005*)* (same).  On the face of Respondent's own arbitration demand, there is no jurisdiction here.  Worse yet, Respondent's motive for removal was pure gamesmanship and an attempt to avoid the impending entry of a temporary restraining order.  Hence, considering the "overall fairness given the nature of the case, the circumstances of remand, and the effect on the parties," the Court should grant



Page 3

Petitioner's request for attorney's fees and cost. *Morgan Guar. Tr. Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992) (awarding costs and attorney's fees incurred by plaintiffs in opposing improperly removed cases for lack of subject matter jurisdiction); *G&H Partners AG v. Wextrust Cap., LLC*, No. 07 CIV. 9803 (DLC), 2008 WL 65102, at *3 (S.D.N.Y. Jan. 4, 2008) (same).

Finally, the Court need not wait for Respondent's response to this letter to remand this matter to state court and may do so *sua sponte* because of the facial and undeniable lack of subject matter jurisdiction here. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006); *O'Neill v. Target Corp.*, No. 21CV3262PKCARL, 2021 WL 2634880, at *1 (E.D.N.Y. June 25, 2021).

For the reasons stated above, Petitioner respectfully request that this Court (1) remand this case to the Supreme Court of the State of New York, County of New York, and (2) order Respondent to pay Petitioner's attorneys' fees incurred in obtaining remand.

Respectfully submitted,

*/s/ Avery S. Mehlman*

Avery S. Mehlman

cc:     All parties appearing via ECF.

The Court is in receipt of Petitioner's letter motion to remand this action to the New York Supreme Court. (Dkt. #5). Respondent is hereby ORDERED to submit a letter in opposition to Petitioner's submission by August 20, 2021, at 10:00 a.m.

The parties are further ORDERED to appear for a telephone conference regarding Petitioner's motion to remand on August 20, 2021, at 3:00 p.m. The dial-in information is as follows: At 3:00 p.m. the parties shall call (888) 363-4749 and enter access code 5123533. Please note, the conference will not be available prior to 3:00 p.m.

The Clerk of Court is directed to terminate the pending motion at docket entry 5.

Date:    August 19, 2021        SO ORDERED.
         New York, New York

                                *Katherine Polk Failla*

                                HON. KATHERINE POLK FAILLA
                                UNITED STATES DISTRICT JUDGE