UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MOSHE CHAIM PANZER,   :   1-21-cv-6886 (KPF)
                      Plaintiff,   :

                -against-   :

JOEL EPSTEIN,   :

                     Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF'S MEMORANDUM OF LAW FOR ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(C)**

        **HERRICK, FEINSTEIN LLP**
        2 Park Avenue
        New York, New York 10016
        (212) 592-1400

        *Attorneys for Plaintiff Moshe Chaim Panzer*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................ 1

BACKGROUND ..................................................................................................................... 2

ARGUMENT ........................................................................................................................... 3

CONCLUSION ........................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Page(s)**

### **Federal Cases**

*Amato v. KPMG LLP*,
    433 F. Supp. 2d 460, 478 (M.D. Pa. 2006) .................................................................................5

*Brittania-U Nigeria, Ltd. v. Chevron USA, Inc.*,
    866 F.3d 709 (5th Cir. 2017) .....................................................................................................5

*Circle Indus. USA, Inc. v. Parke Const. Grp., Inc.*,
    183 F.3d 105 (2d Cir. 1999) .......................................................................................................6

*Couns. Fin. Holdings, LLC v. Sullivan L., L.L.C.*,
    No. 20CV01698LJVJJM, 2021 WL 799251 (W.D.N.Y. Jan. 27, 2021), report
    and recommendation adopted, No. 20-CV-1698-LJV-JJM, 2021 WL 795351
    (W.D.N.Y. Mar. 2, 2021); ..........................................................................................................4

*G&H Partners AG v. Wextrust Cap.*,
    LLC, No. 07 CIV. 9803 (DLC), 2008 WL 65102 (S.D.N.Y. Jan. 4, 2008) ...............................6

*Greenidge v. Mundo Shipping Corp.*,
    60 F. Supp. 2d 10 (E.D.N.Y. 1999) ...........................................................................................7

*Lander Co. v. MMP Invs., Inc.*,
    107 F.3d 476 (7th Cir. 1997) .....................................................................................................5

*LGC Holdings, Inc. v. Julius Klein Diamonds, LLC*,
    238 F. Supp. 3d 452 (S.D.N.Y. 2017) ........................................................................................5

*Little Rest Twelve, Inc. v. Visan*,
    458 B.R. 44 (S.D.N.Y. 2011) .................................................................................................4, 7

*Lynch v. Waldron*,
    No. 05 CIV. 2274 (GEL), 2005 WL 1162453 (S.D.N.Y. May 17, 2005) .................................7

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005) ...................................................................................................................4

*Morgan Guar. Trust Co. of New York v. Republic of Palau*,
    971 F.2d 917 (2d Cir. 1992) .......................................................................................................3

*Nomanbhoy v. Vahanvaty*,
    No. 11 C 2456, 2011 WL 6736052 (N.D. Ill. Dec. 21, 2011) ................................................5, 6

*PKT Assocs., Inc. v. Granum Grp.*,
    LLC, 2018 WL 3392879 (S.D.N.Y. July 12, 2018) ...................................................................5

*Samuel v. Town of Cheektowaga*,
   2009 WL 5185806 (W.D.N.Y. 2009) ..................................................................................4

*Shamoun v. Peerless Importers, Inc.*,
   2003 WL 21781954 (E.D.N.Y. Aug. 1, 2003) .....................................................................7

*Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*,
   198 F.3d 88 (2d Cir. 1999) ..................................................................................................5

## **Statutes**

9 U.S.C. § 202 ............................................................................................................. 1, 2, 4, 6

28 U.S.C. § 1441(a) .................................................................................................................2

28 U.S.C. § 1447(c) ....................................................................................................... 1, 3, 4, 8

CPLR Article 75 .......................................................................................................................2

## PRELIMINARY STATEMENT

Plaintiff Moshe Chaim Panzer brings this motion for attorneys' fees and costs incurred in connection with Plaintiff's successful motion for remand. Plaintiff was forced to bring that motion as a result of Defendant Joel Epstein's improper removal of this action to federal court under 9 U.S.C. § 202, or the Convention on the Recognition and Enforcement of Foreign Arbitrable Awards, otherwise known as the New York Convention. While the state court was in the middle of reviewing Plaintiff's application for a temporary restraining order, Defendant removed Plaintiff's Petition to stay an improperly commenced arbitration designed to force a buyout of Plaintiff's majority interest in a lucrative cabinetry company for pennies on the dollar. Aside from costing Plaintiff additional and unnecessary legal fees, Defendant's improper removal severely prejudiced Plaintiff in state court. Because of backlogs in the clerk's office, this Court's remand order was only recently processed. As a result, a hearing on Petitioner's temporary restraining order—which was brough in early August—has yet to go forward.

Although the Court previously cautioned that an attorneys' fees award may not be appropriate in this case, Plaintiff aims to prove that this is a textbook example of a case warranting an attorneys' fees award under 28 U.S.C. § 1447(c) for two primary reasons.

*First,* Defendant lacked an objectively reasonable basis for removal. Chiefly, his arguments were without any basis in existing law. Only by misquoting and grossly mispresenting cases—both of which Defendant did in its submissions to this Court—could Defendant string together an only superficially coherent defense of removal under the Convention. Simply put, prevailing law prohibited removal. And because Defendant ignored prevailing law and proceeded with removal anyway, Defendant should be responsible for paying Plaintiff's needlessly incurred attorneys' fees.

*Second*, removing this case while Plaintiff's temporary restraining order application was pending raises a strong inference of abuse of the removal statue—28 U.S.C. § 1441(a).  Plaintiff should not have to bear the cost of Defendant's impropriety.

## BACKGROUND

Plaintiff and Defendant—both New York residents—are co-owners of Fabuwood Cabinetry, Corp. (the "Company"), a corporation existing under the laws of the State of New York with a principal place of business in Newark, New Jersey. (ECF No. 4-1 at ¶ 2).   In July of this year, Defendant commenced a premature and improper American Arbitration Association proceeding purportedly pursuant to the terms of the parties' shareholders agreement.  Through the arbitration, Defendant seeks a forced buyout of Plaintiff's shares in the Company.  (*See generally* ECF No. 4-1).

In response, on Friday, August 13, 2021, Plaintiff brought a special proceeding in New York State Supreme Court under CPLR Article 75 to permanently stay the arbitration for Respondent's failure to satisfy numerous contractual conditions precedent to arbitration.  Plaintiff also simultaneously moved by order to show cause for a temporary restraining order to stay the arbitration and to enjoin Defendant from committing the company to further indebtedness during the pendency of the proceeding.  (*Id.*).

Then, on the following Monday—August 16, 2021—while the order to show cause was still under review by the court, Defendant removed the proceeding to federal court on the basis that there is federal jurisdiction over this proceeding under 9 U.S.C. § 202, or the Convention on the Recognition and Enforcement of Foreign Arbitrable Awards, otherwise known as the New York Convention (the "Convention").  (*See generally* ECF No. 4).

Two days later, Plaintiff filed a motion to remand this case to back to state court on the grounds that there was no federal subject matter over the parties' dispute. (ECF No. 5). Removal,

2

Plaintiff argued, was abjectly improper, as the dispute between was wholly a domestic one, and did not implicate the Convention in any legally meaningful way. (*Id.*). The subject agreement was entirely between citizens of the United States and the subject property interest—*i.e.*, the shares of the Company—were entirely located in the United States. In opposition, Defendant argued, among other things, that because the Company spent large sums of money on purchasing materials abroad for its domestic manufacturing operations, that the underlying arbitration was an international foreign arbitration under the Convention, thereby subjecting Plaintiff's petition to federal jurisdiction. This argument was devoid of any legal support, as evidenced by Defendant's intentional misquoting of case law in its submissions to this Court. (ECF Nos. 5, 10).

On August 25, 2021, this Court issued an oral decision and order granting Plaintiff's motion to remand this case back to state court. (ECF No. 12, 15) (the "Decision"). Because of backlogs in the Supreme Court, New York County clerk's office, this Court's remand order was only recently processed. As a result, a hearing on Petitioner's temporary restraining order is yet to go forward.

## ARGUMENT

The Court should exercise its discretion under 28 U.S.C. § 1447(c) and award Plaintiff attorneys' fees and costs in connection with its successful remand motion. "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The statute as a whole, particularly the reference that an order remanding the case 'may require payment' of costs and fees, affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees." *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992). This discretion to award attorneys' fees may be exercised where, as here, "the removing party lacked

an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, removal of Plaintiff's petition lacked any legally justifiable basis and removal was only intended to delay the entry of a temporary restraining order. Accordingly, Plaintiff should be awarded attorneys' fees under 28 U.S.C. § 1447(c).

***Defendant's Weak Grounds for Removal.*** Removal lacks an objectively reasonable basis where the legal support for removal is "extraordinarily weak." *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 62 (S.D.N.Y. 2011). Indeed, attorney' fees are frequently awarded where "the removal basis asserted was contrary to overwhelming authority." *Couns. Fin. Holdings, LLC v. Sullivan L., L.L.C.*, No. 20CV01698LJVJJM, 2021 WL 799251, at *2 (W.D.N.Y. Jan. 27, 2021), report and recommendation adopted, No. 20-CV-1698-LJV-JJM, 2021 WL 795351 (W.D.N.Y. Mar. 2, 2021); *see also Samuel v. Town of Cheektowaga*, 2009 WL 5185806, *6 (W.D.N.Y. 2009) ("the asserted ground for removal is contrary to applicable law and established authority").

In this case, Defendant removed a petition filed under New York State law, seeking to enjoin an arbitration under New York State procedural rules between New York State citizens over ownership interest in a New York corporation. Under the Convention, an agreement between United State citizens does not fall under the Convention "unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." 9 U.S.C § 202. In justifying removal, Defendant almost exclusively relied on the fact that a large percentage of the Company's expenditures went towards purchasing materials abroad. (ECF. No. 8, 10). Yet, in multiple submissions to the Court, Defendant was unable to produce a single case holding that mere act the purchasing of materials abroad confers federal jurisdiction under the Convention. And the Court noted as such in the

4

Decision, by commenting that all of Defendant's cases "involved relationships with a much clearer foreign nexus." (Decision at 12:12-13).[1]

Worse than being clearly wrong on the law, however, Defendant's basis for a removal relied on a conscious misrepresentation of precedent. For example, Defendant's letter to the Court dated August 23, 2021 provided a **heavily** edited excerpt from *Nomanbhoy v. Vahanvaty*, No. 11 C 2456, 2011 WL 6736052 (N.D. Ill. Dec. 21, 2011)—a case that was *dismissed for lack of subject matter jurisdiction*—as support for the exercise of jurisdiction in this case. The excerpt from Respondent's letter bore little resemblance to actual text.

> *Compare*: The court held: "The plain language of section 202" directs the court to "focus . . . not on the [parties' agreement] alone, but rather the legal relationship in which the arbitration . . . arises. . . . Therefore[,] the relationship at issue is the parties' ownership and operation of [the underlying company.]" Id. at *5 (internal quotation marks and citation omitted).

ECF No. 10 at 1.

> *With*: The plain language of section 202, however, directs courts to focus **on the "legal relationship" that the arbitration agreement or award "aris [es] out of."** *See Access Info.*, **2010 WL 4642045, at *4 ("The focus of whether a commercial relationship has a reasonable relation to a foreign state is** not on the Franchise Agreement alone, but rather the 'legal relationship in which the arbitration **or**

---

[1] As set forth in Plaintiff's August 20, 2021 letter (ECF No. 9) to the Court, Defendant's cases all involved businesses that are either actively managing foreign property or *directly* engaging in the sale of goods in foreign jurisdictions. *See Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.,* 198 F.3d 88, 93-94 (2d Cir. 1999) (dispute involving a **power plant in the Dominican Republic**); *Lander Co. v. MMP Invs., Inc.,* 107 F.3d 476, 482 (7th Cir. 1997) (contract at issue involved the **sale of shampoo in Poland**); *Brittania-U Nigeria, Ltd. v. Chevron USA, Inc.,* 866 F.3d 709, 712-13 (5th Cir. 2017) (contract involved **sale of oil leases in Nigeria**); Freudensprung v. Offshore Tech. Servs., Inc., 379 F.3d 327, 340-41 (5th Cir. 2004) (a maritime case that would otherwise be subject to federal jurisdiction involving the **performance in West Africa**); *PKT Assocs., Inc. v. Granum Grp.,* LLC, 2018 WL 3392879, at *1 (S.D.N.Y. July 12, 2018) (Involving the **sale of chickpeas from Russia to India and Pakistan**); *LGC Holdings, Inc. v. Julius Klein Diamonds, LLC,* 238 F. Supp. 3d 452 (S.D.N.Y. 2017) (involving a companies that **buy and sell diamonds through a African affiliate,** are parties to a trademark license agreement covering over eighteen foreign countries, and **maintain factories and offices in New York, London, Dubai, and Singapore**); Amato v. KPMG LLP, 433 F. Supp. 2d 460, 478 (M.D. Pa. 2006) (involving the **sale of German securities on German exchanges**).

5

> **arbitral award** arises.' " (quoting ENSCO, 370 F.Supp.2d at 601)). Therefore the relationship at issue is the parties' ownership and operation of Dyna Care, **which is completely domestic.**

*Nomanbhoy*, 2011 WL 6736052, at *5 (emphasis supplied to highlight the portions of the text omitted by Respondent).

Crucially, Respondent omitted that that "legal relationship" referenced in § 202 *arises out of* an arbitration agreement or an arbitration award, and that, because the relationship in *Nomanbhoy* was "the parties' ownership and operation of" an Illinois business, it was considered "completely domestic."

On its own, this wanton misrepresentation of legal authority supports an award of attorneys' fees. *G&H Partners AG v. Wextrust Cap.*, LLC, No. 07 CIV. 9803 (DLC), 2008 WL 65102, at *2 (S.D.N.Y. Jan. 4, 2008) ("Defendants' failure to note this well-established principle of law in preparing its Notice of Removal, and its argument that the Second Circuit had never so ruled, speak to the objectively unreasonable basis for their removal."). When taken together with the other inapposite cases cited Defendant, Defendant's utter lack of legal support for removal becomes clearer. Because Defendant never had an objectively reasonable basis for removal, the Court should award Plaintiffs' attorneys' fees and costs in connection with its remand motion.

***Abuse of the Remand Statute.*** Defendant abused the removal statute and thus should compensate Plaintiff. In particular, the Second Circuit has noted that the ease with which a litigant could remove a state court action make an attorneys' fees award an important deterrent for abuse:

> exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it. Providing for attorneys' fees when granting a motion to remand serves the purpose of deterring improper removal[.]

*Circle Indus. USA, Inc. v. Parke Const. Grp., Inc.*, 183 F.3d 105, 109 (2d Cir. 1999).

The level of abuse feared by the Second Circuit was on full display here. Plaintiff brought a state law special proceeding for emergency relief, and Defendant baselessly removed that proceeding to federal court while the emergency application was pending. Plaintiff should not have to pay the cost of moving to remand that proceeding back to state court, where it always belonged. *See Little Rest Twelve,* 458 B.R. at 62 (Attorneys' fees awarded where the "timing, combined with the many actions taken by the old management in state court that delayed the proceedings in both Visan and MBOF, raises a strong inference of delay and forum-shopping."); *Shamoun v. Peerless Importers, Inc.*, 2003 WL 21781954, at *4 (E.D.N.Y. Aug. 1, 2003) ("The improper removal of this case has delayed a relatively simple state law breach of contract claim and added unnecessary litigation expenses. It would be unfair to require plaintiff to absorb the cost of litigating the remand motion… An award of fees will alleviate the expense, though not the delay, caused by the removal. Accordingly plaintiff's request for attorneys' fees is granted.") (citation omitted); *Lynch v. Waldron*, No. 05 CIV. 2274 (GEL), 2005 WL 1162453, at *2 (S.D.N.Y. May 17, 2005) (same); *Greenidge v. Mundo Shipping Corp.*, 60 F. Supp. 2d 10, 12 (E.D.N.Y. 1999) ("[W]hile the Greenidges opted to litigate their relatively simple claims in State court, the removal greatly complicated the case; it would be unfair to require either the Greenidges or their counsel to absorb the cost of litigating the remand motion, which in no way advanced their case.").

Plaintiff has spent the better part of two months watching his petition bounce back and forth between state and federal court, without any to show for it except for thousands of dollars in excess legal fees. Defendant, on the other hand, has succeeded in avoiding the entry of a temporary restraining order during that time and has severely delayed Plaintiff's efforts to stay the arbitration that Defendant improperly commenced. This Court should level the playing field by, at the very

least, requiring Defendant to compensate Plaintiff for the money that Plaintiff spent on the remand motion—money that Plaintiff should have never had to spend in the first instance.

## CONCLUSION

For all these reasons, the Court should grant Plaintiff's motion for attorneys' fees 28 U.S.C. § 1447(c), and set this matter for a briefing schedule on Plaintiff's fee application, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 30, 2021

**HERRICK, FEINSTEIN LLP**
*Attorneys for Plaintiff Moshe Chaim Panzer*

By:   */s/ Avery S. Mehlman*
Avery S. Mehlman
Joshua S. Stricoff

2 Park Avenue
New York, New York 10016
(212) 592-1400